UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| JOSH KAYSER, et al., | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiffs, | ) |  |
|  | ) |  |
| vs. | ) | Case No. 4:10CV1495 CDP |
|  | ) |  |
| SOUTHWESTERN BELL | ) |  |
| TELEPHONE COMPANY, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

# MEMORANDUM AND ORDER

In this collective action under the Fair Labor Standards Act, plaintiffs allege that their employer, defendant Southwestern Bell Telephone Company, fails to count certain of their work activities toward their total hours worked for overtime pay purposes, in violation of the FLSA. Southwestern Bell moves to dismiss and compel arbitration, contending the issues raised in the complaint are subject to mandatory arbitration under a Collective Bargaining Agreement. In the alternative, Southwestern Bell moves to stay the case pending a related arbitration currently scheduled between it and plaintiffs' union that will consider whether the CBA requires the hours to be counted for overtime purposes. Although I disagree with Southwestern Bell that the case should be dismissed, I will stay the case pending the related arbitration, for the following reasons.

## Background

Plaintiffs are current or former Premises Technicians at Southwestern Bell, who also serve as union stewards, officers, and representatives on behalf of the employees' exclusive bargaining agent, the Communication Workers of America. Some of plaintiffs' responsibilities as union stewards include representing employees and/or the union in disciplinary meetings, investigatory meetings, grievance meetings, "Participative Management-Employee Involvement" committee meetings, and other miscellaneous labor-management meetings. Although Southwestern Bell pays plaintiffs for attending these meetings – which are scheduled by Southwestern Bell to occur during work hours – it does not count the hours plaintiffs spend attending these meetings as part of their total number of hours worked for overtime purposes.

As Premises Technicians, plaintiffs are members of the Communication Workers of America, which has entered into a Collective Bargaining Agreement ("CBA") with Southwestern Bell, effective April 5, 2009. Among other provisions, this CBA contains a mandatory arbitration clause that provides, in its entirety:

> If, during the term of this Agreement . . . a difference shall occur, between the Union and the Company, . . . regarding:
> a. the true intent and meaning of any specific provision or provisions thereof (except as such provision or provisions relate, either specifically or by effect, to the

> prospective modifications or amendments of such agreement) or
>
> b. the application of any provision or provisions thereof to any employee or group of employees, and grievances arising from such application, . . .
>
> then in any such event, either the Union or Management may submit the issue of any such matter to arbitration for final decision . . . .

2009 Labor Agreements, Agreement of General Application, Art. IV, "Arbitration," at 197-98. Additionally, the CBA's overtime provision states, "**Overtime.** Employees may be required to work overtime subject to the needs of the business. Employees scheduled to work overtime will be paid in accordance with applicable Federal and/or State Laws . . ." 2009 Labor Agreements, Departmental Agreement, app. J, § 3, at 184. Finally, the CBA contains several provisions requiring Southwestern Bell to pay union representatives such as plaintiffs for attending disciplinary meetings, grievance meetings, safety and health committee meetings, and training advisory meetings.

After plaintiffs unsuccessfully attempted to get Southwestern Bell to pay them overtime for their union representation activities, plaintiffs brought this collective action, claiming Southwestern Bell's policy violates § 7 of the FLSA, codified at 29 U.S.C. § 201 *et seq.* Southwestern Bell now moves to dismiss and compel arbitration, or, alternatively, to stay the case pending arbitration, contending the issues raised in plaintiffs' complaint are subject to mandatory

arbitration under the arbitration provision of the parties' CBA. Plaintiffs oppose the motion and respond that they raise purely statutory claims under the FLSA, and that they did not expressly waive their right to bring these claims in a judicial forum in the CBA.

## Discussion

A motion to dismiss may only be granted if plaintiffs' complaint, together with the attachments thereto, does not state a claim for relief "that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Hamilton v. Palm*, 621 F.3d 816, 817 (8th Cir. 2010). In considering a motion to dismiss, a district court may also consider "documents whose contents are alleged in [the] complaint and whose authority no party questions," such as the CBA in this case, even if they not physically attached to the pleadings. *Kushner v. Beverly Enters., Inc.*, 317 F.3d 820, 831 (8th Cir. 2003) (internal citation and quotation marks omitted).

In cases such as this where the parties have executed a CBA requiring them to arbitrate their disputes, Section 301 of the Labor-Management Relations Act "grants a district court jurisdiction to compel arbitration under [the] collective bargaining agreement." *Communications Workers of Am. v. Frontier Commc'ns of Minn., Inc.*, No. 08-650, 2008 WL 3896153, at * 2 (D. Minn. Aug. 19, 2008) (citing § 29 U.S.C. § 185(a)). However, "[a]rbitration is a matter of contract, and

'a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.'" *Crown Cork & Seal Co. v. International Ass'n of Machinists & Aerospace Workers, AFL-CIO*, 501 F.3d 912, 916 (quoting *United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582 (1960)).

I.      **Express Waiver**

As its first argument for dismissing this case and compeling arbitration, Southwestern Bell contends that the parties expressly agreed in the CBA to arbitrate any FLSA claims. In support of this argument, Southwestern Bell refers to the CBA's arbitration and overtime provisions, essentially contending that, because the CBA required it to follow federal law and to arbitrate disputes over the application of the CBA, any failure by it to follow federal law is a misapplication of the CBA, requiring arbitration under the CBA. This argument has no basis in the law.

It is true that when a CBA contains an express agreement to arbitrate disputes arising under the CBA, there exists a presumption that the parties agreed to submit any dispute under the CBA to arbitration. *See, e.g., Wright v. Universal Mar. Serv. Corp.*, 525 U.S. 70, 78 (1998) ("In collective-bargaining agreements, we have said, there is a presumption of arbitrability in the sense that an order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation

that covers the asserted dispute.") (internal citations, quotation marks, and alterations omitted); *accord Teamsters Local Union No. 688 v. Industrial Wire Prods., Inc.*, 186 F.3d 878, 880, 881-82 (8th Cir. 1999). However, that presumption does not extend to cases involving the interpretation of a federal statute, such as the FLSA. *See Wright*, 525 U.S. at 78-79; *cf. also generally Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728 (1981) (plaintiffs' FLSA claims not barred by prior, unsuccessful arbitration decision). Instead, a waiver of the right to bring a statutory claim in a judicial forum is only enforceable if it is "clear and unmistakable." *Wright*, 525 U.S. at 80; *see also 14 Penn Plaza LLC v. Pyett*, 129 S. Ct. 1456, 1474 (plaintiffs' claims under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, subject to mandatory arbitration when CBA contained clear and unmistakable waiver of right to judicial forum: "All [ADEA] claims shall be subject to the grievance and arbitration procedures . . . as the sole and exclusive remedy for violations."). Within the Eighth Circuit, a plaintiff clearly and unmistakably agrees to arbitrate her FLSA claims if her CBA's arbitration clause provides for the arbitration of disputes "for wages or other compensation due." *Bailey v. Ameriquest Mortg. Co.*, 346 F.3d 821, 822-823 (8th Cir. 2003).

Here, there is no such clear and unmistakable waiver of plaintiffs' right to assert their FLSA claims in a judicial forum. Rather than explicitly referencing

the FLSA, as the arbitration agreement in *Penn Plaza* referenced the ADEA, or referencing disputes over "wages and compensation" as in *Bailey*, the arbitration agreement in this case provides generally that all disputes over the meaning or application of any CBA provision are to be arbitrated. When faced with a similar arbitration agreement – "should any dispute or difference arise between the Company and the Union or its members as to the interpretation or application of any of the provisions of this Agreement or with respect to working conditions . . . , the dispute or difference shall be settled through the grievance procedure" – the Seventh Circuit concluded that the agreement was "not an 'explicit' waiver of the right to sue under the Fair Labor Standards Act . . . ." *Jonites v. Exelon Corp.*, 522 F.3d 721, 725 (7th Cir. 2008). Accordingly, I conclude that the arbitration clause in the CBA in this case does not contain an express waiver of plaintiffs' right to bring their claims in this Court.

This is true despite the fact that the CBA requires Southwestern Bell to comply with federal laws in calculating their employees' overtime totals. To begin with, this requirement has no effect on the arbitration clause; it does not reference the clause, nor does it require the parties to arbitrate their overtime disputes. The arbitration clause similarly fails to reference overtime pay disputes, and, as discussed above, the arbitration clause does not expressly waive plaintiffs' rights to bring their FLSA claims in this forum. Moreover, the Supreme Court in

*Wright* expressly rejected Southwestern Bell's argument – that employees implicitly waived their right to bring statutory claims in a federal forum simply by agreeing to a CBA that provides that none of its provision should be read to conflict with federal law. *See Wright*, 525 U.S. at 79. Absent an express waiver, a court may not presume that employees waived their rights to a judicial forum for their statutory claims, even if a CBA is to be interpreted in accordance with federal law. *Id.* Because the arbitration clause in this case contains no such express waiver, I cannot not presume that the parties so agreed.

**II.     Work as Defined Under the CBA**

Southwestern Bell next argues that the case should be dismissed and sent to arbitration because the CBA defines whether the activities plaintiffs engaged in count as work for FLSA purposes, including compensation and overtime compensation. Thus, Southwestern Bell contends, any analysis of whether Southwestern Bell was required to count plaintiffs' time spent in union representation activities as part of their overtime total necessarily involves the interpretation of CBA provisions, not the FLSA. As support for this argument, Southwestern Bell points to a Department of Labor regulation that allows parties to a CBA to define whether "adjusting grievances" counts as work activities. *See* 29 C.F.R. § 785.42. It also cites cases in which courts have ordered plaintiffs to arbitrate their FLSA grievances, because the FLSA or regulations thereunder

allow parties to a CBA to decide whether an activity qualifies as work, and the parties have so defined the activities in their CBAs. *See, e.g., Townsend v. BC Natural Chicken LLC*, Civil Action No. 06-4317, 2007 WL 442386, at *2-4 (E.D. Pa. Feb. 2, 2007) (dismissing plaintiffs' FLSA claim for failure to arbitrate when FLSA § 203(o) allows parties to a CBA to exclude from overtime calculations "'time spent in changing clothes or washing' through the terms of a collective bargaining agreement," and the parties had agreed in their CBA that employees would be paid for twelve minutes per week for wash-up time, so the issue of whether defendants were required to pay plaintiffs for this time necessarily involved the interpretation of the CBA).

After reviewing the record before me, including the complaint and the parties' CBA, I conclude that factual disputes remain making dismissal inappropriate at this time. Even if I agree with Southwestern Bell that a court may dismiss a case when the CBA defines activities that qualify as work for FLSA purposes, I cannot now determine whether the parties have agreed to do that in this case. It does not appear that all of the activities for which plaintiffs seek compensation are defined within the parties' CBA as work activities. As an example, plaintiffs seek compensation for attending Participative Management-Employee Involvement ("PMEI") meetings, which plaintiffs' complaint describes as involving discussions of "innovative approaches to improve work processes and

workplace conditions . . . communication . . . problem resolution . . . and employee morale . . ." Southwestern Bell does not cite any specific provisions in the CBA that cover or even discuss PMEI meetings. Southwestern Bell does point to CBA provisions requiring it to pay union representatives for attending "Safety and Health Committee meetings" and "Training Advisory Board meetings." The Safety and Health Committee is charged with investigating and creating suggestions for improving occupational safety and health matters, *see* 2009 Labor Agreements, Departmental Agreement, Art. XXIV, at 95, and the Training Advisory Board is responsible for advising Southwestern Bell on matters relating to employee training and development. *See id.*, Agreement of General Application, Art. XII, at 216-17. While some of the activities might match up – certainly a meeting to discuss new ways to improve health and training seems to align with the goals of the PMEI meetings – other activities do not. For instance, nowhere in the CBA's description of the Safety and Health Committee is there any mention about labor-management discussions of CBA interpretations.

Because I cannot determine based on the record before me whether the CBA addresses all of the activities for which plaintiffs seek overtime compensation, I cannot agree with Southwestern Bell that plaintiffs' complaint *necessarily* involves the interpretation of the parties' CBA. Thus, their motion to dismiss and compel arbitration must be denied at this time.

### III. Staying the Case

In the alternative, Southwestern Bell requests that this case be stayed pending resolution of the related arbitration currently scheduled. Southwestern Bell refers to an arbitration requested by plaintiffs' union, which will consider whether Southwestern Bell violated the parties' CBA by failing to apply the time plaintiffs spend in union representation activities toward their overtime compensation. Southwestern Bell also points to the Ninth Circuit's decision in *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857 (9th Cir. 1979), in which the court held that a district court could stay a case involving FLSA claims – even if those claims were not subject to arbitration under the parties' CBA – under the district court's inherent "powers to control its own docket and to provide for the prompt and efficient determination of the cases pending before it." *Id.* at 863. Like the plaintiffs in this case, the *Leyva* plaintiffs were members of a union and filed a collective action against their employer for failure to pay them overtime wages, in violation of FLSA § 7. *Id.* at 859. The district court stayed the case pending arbitration, however, because the parties' CBA provided that all disputes arising under it were to be arbitrated. *Id.* at 859-60. On appeal, the Ninth Circuit disagreed, concluding that the plaintiffs' FLSA claims were not subject to arbitration under that general arbitration clause. *Id.* at 861. But the court decided the case could still be stayed under the theory of a trial court's inherent ability to

manage its docket. *Id.* at 863. Citing cases in which courts had stayed disputes pending resolution of independent proceedings, whether "judicial, administrative, or arbitral," and even when the issues in those proceedings were not controlling of the action before the courts, the Ninth Circuit noted that staying a case in such circumstances prevents wasted judicial resources and duplicative discovery. *Id.* at 863-64; *see also Collins Radio Co. v. Ex-Cell-O Corp.*, 467 F.2d 995, 1000 (8th Cir. 1972) (affirming district court's stay of an action pending arbitration, even if some of the issues in the case were not subject to the parties' arbitration agreement, because "such a stay is a matter within the sound discretion of the district court . . . .").

Plaintiffs respond that this arbitration will focus on a different issue – whether defendants' failure to apply the time violates the CBA – from the one currently pending in this court – whether defendant's failure violates the FLSA. But knowing the arbitrator's interpretation of the CBA on this issue will undoubtedly be helpful to me in this case. Indeed, if the arbitrator rules that defendants are required by the CBA to count the disputed time in calculating overtime, this case could be moot. Even if the arbitrator's ruling did not dispose of the issues here, the arbitrator's interpretations of the relevant CBA provisions could aid eventual analysis of the issues. Finally, staying the case will prevent duplicative discovery. Accordingly, although I do not agree that compelling

arbitration or dismissing the case is appropriate at this time, I will stay the case pending resolution of the related arbitration.

For these reasons,

**IT IS HEREBY ORDERED** that defendant Southwestern Bell's motion to dismiss case and compel arbitration [#12] is denied, but its alternative motion to stay the case is granted, and this case is stayed pending further order of the Court.

**IT IS FURTHER ORDERED** that counsel shall jointly submit a notice updating the Court on the status of this case no later than ten (10) days following the resolution of the arbitration scheduled between defendant and plaintiffs' union.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 10th day of December, 2010.