UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JOSH KAYSER, et al.,                    )
                                        )
          Plaintiffs,                   )
                                        )
     vs.                                )          Case No. 4:10CV1495 CDP
                                        )
SOUTHWESTERN BELL                       )
TELEPHONE CO.,                          )
                                        )
          Defendant.                    )

## MEMORANDUM AND ORDER

Plaintiffs are 20 "Premise Technicians" who have brought this collective

action against Southwestern Bell Telephone Company to recover unpaid overtime

under the Fair Labor Standards Act.  Plaintiffs contend that time spent as union

representatives during various meetings and activities should be counted for

purposes of calculating overtime pay.  They seek back pay and liquidated

damages, a permanent injunction, and a declaratory judgment.  Southwestern Bell

seeks summary judgment on the declaratory judgment and injunctive relief claims.

Plaintiffs also seek conditional certification of this as a collective action under the

FLSA.

Plaintiffs concede that defendant is entitled to summary judgment on the

claim for injunctive relief, as there is no injunctive remedy available under the

FLSA to employees – that remedy can only be sought by the Secretary of Labor.

Southwestern Bell has presented uncontested evidence that it already counts certain union activities as "work time" for overtime purposes, and so I will grant defendant's summary judgment motion to the extent plaintiffs argue about those activities.  Defendant is also entitled to summary judgment on the claim that union representatives' attendance at PMEI steering committee meetings is covered work under the FLSA.  Genuine disputes of material fact preclude summary judgment, however,  regarding union representatives' attendance at grievance hearings and their participation in charitable activities during work time.

Finally, I will conditionally certify this as a collective action, but the plaintiffs will be required to revise their proposed notice to be consistent with the rulings made here.  Because I expect this order will affect the schedule that was previously imposed, I will vacate the current Case Management Order deadlines, and will set an additional scheduling conference.

## **Background**

Plaintiffs are current or former Premises Technicians employed by Southwestern Bell who all serve or have served as stewards, officers, or representatives of the Communications Workers of America during their time at Southwestern Bell.  In their roles for the union, plaintiffs represented employees in a variety of meetings, including grievance meetings, PMEI meetings, disciplinary meetings, and other miscellaneous meetings with Southwestern Bell management.

The relationship between plaintiffs and Southwestern Bell is governed by a series of collective bargaining agreements, including various appendices and a settlement agreement.  I will refer to these governing agreements collectively as the CBA.

Grievance meetings occur between management and Union representatives to discuss employee complaints or claims by the Union regarding potential violations of the CBA.  Participative Management-Employee Involvement (PMEI) procedures are split into steering committee meetings and work committee meetings, and were established as part of the "Strategic Alliance" initiative between Southwestern Bell and the Union.  The PMEI steering committees evaluate employee complaints or suggestions, and can assign the issues to a working group subcommittee for research.  The steering committees can then present the ideas to management to try and get them implemented.  Disciplinary meetings serve to notify employees of disciplinary actions being taken against them for unsatisfactory work performance or misconduct.  Employees are entitled to have a Union representative present for the meeting.

Plaintiffs' complaint alleges that they have also participated in miscellaneous other meetings at the request of Southwestern Bell management.  Although there is no mention of charitable work in the complaint, the parties have fully briefed whether certain charitable activities are covered.  These activities

- 3 -

include working with management to plan blood drives, and visiting various work centers during the representatives' work time to encourage other employees to donate. Plaintiffs also participated in soliciting donations for the United Way.

1.     **Motion for Summary Judgment**

In determining whether summary judgment should issue, I must view the facts and inferences from the facts in the light most favorable to the nonmoving party, here plaintiffs. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The moving party has the burden to establish both the absence of a genuine issue of material fact, and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in its pleadings but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e).

Section 7 of the Fair Labor Standards Act mandates that an employer may not subject non-exempt employees to a work week in excess of 40 hours unless the employee is compensated for her overtime with additional pay of at least one and one half times her regular hourly wage. 29 U.S.C. § 207. "The Fair Labor Standards Act requires that a covered employee be paid a minimum wage for all

hours worked and overtime compensation when such an employee works more than forty hours in a given week." *Van Wyck v. Charleston Sanitary Bd.*, No. 2:10CV1029, 2011 WL 4544074 at *2 (S.D.W. Va. Sep. 29, 2011) (citing 29 U.S.C. §§ 206, 207).  The FLSA does not define the term "work," and thus courts are left to determine its meaning.  *Id.* (quoting *Perez v. Mountaire Farms, Inc.*, 650 F.3d 350 (4th Cir. 2011)).  An activity is generally considered to be "work" under the FLSA if it is "controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer."  *Tenn. Coal, Iron & R.R. v. Muscoda Local 123*, 321 U.S. 590, 598 (1944).  The Department of Labor has also defined working time as all time an employee is "necessarily required to be on the employer's premises, on duty or at a prescribed work place."  29 C.F.R. § 785.7 (citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946)).

<u>Uncontested Issues</u>

Actions for injunctive relief under the FLSA can only be brought by the Secretary of Labor, and not by employees.  *See* 29 U.S.C. § 211(a); *Barrentine v. Ark.-Best Freight Sys., Inc.*, 750 F.2d 47, 51 (8th Cir. 1984).  In their response to the summary judgment motion, plaintiffs concede this point.  I will therefore grant summary judgment for the defendant in regard to injunctive relief.

Additionally, defendant concedes that time spent by union representatives in (a) any meeting where the union representative's presence is requested by

- 5 -

management, (2) meetings of PMEI Working Committees, and (3) disciplinary meetings is considered the same as other work time, and is therefore both paid and counted towards overtime hours.  Plaintiffs argue that they were not always paid for these meetings, and defendant argues that some of this time is covered only because of the CBA and not because of the FLSA.  Plaintiffs still seek declaratory judgment that such time constitutes work time under the FLSA.  Similarly, Southwestern Bell treats hours spent on PMEI Work Consultative meetings and other management-initiated meetings as compensable time for overtime purposes, although this time was not properly counted before April 2010 because of a computer error.  Because of this prior error, plaintiffs seek declaratory judgment on these issues.

Since Southwestern Bell already treats all of these hours as compensable, there is no actual controversy here and any ruling would constitute an improper advisory opinion.  *See, e.g.*, *Ringo v. Lombardi*, 677 F.3d 793, 796 (8th Cir. 2012) ("Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment" (quoting *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941))).  I will therefore grant summary judgment as to disciplinary

meetings, PMEI Work Consultative Meetings, and other Management-Initiated Meetings.[1]

*Grievance Meetings*

Plaintiffs claim that time spent representing employees in grievance meetings with Southwestern Bell should be counted in calculating overtime hours under the FLSA.  Grievance adjustment procedures are dealt with specifically in 29 C.F.R. § 785.42:

> Time spent adjusting grievances between an employer and employees during the time the employees are required to be on the premises is hours worked, but in the event a bona fide union is involved the counting of such time will, as a matter of enforcement policy, be left to the process of collective bargaining or to the custom or practice under the collective bargaining agreement.

*Id.*  This regulation establishes a default presumption that time spent adjusting grievances is compensable if the employees were required to be on the premises. If there is a CBA, however, the language of the CBA or custom and practice established under the CBA will control.  *See Maples v. Ill. Bell Tel. Co.,* 594 F. Supp. 2d 937, 941 (N.D. Ill. 2009) (applying FLSA standards to a case brought under the Family and Medical Leave Act).

---

[1]Plaintiffs argue that summary judgment on the meetings affected by the computer error before 2010 is premature because that is not a question of FLSA compensability, but of potential damages related to the error.  Southwestern Bell has moved for summary judgment on the declaratory judgment claims, not on any damage claims, and in this regard, there is no controversy that the PMEI Work Consultative Meetings and Management-Initiated meetings should have been treated as compensable work time.  Summary judgment is thus appropriate as discussed above.

Here, there is a CBA that speaks to the issue of pay for union representatives in grievance meetings.  It provides,

> Those employees of the Company including the aggrieved employee(s) and the employee representative(s) designated by the Union, *who shall suffer no loss in pay* for time consumed in, and necessarily consumed in traveling to and from, grievance meetings, shall not be more than three (3) at any level of the grievance procedure.

ATT/Kayser 00107, Docket No. 44-25 at 107 (emphasis added).  Southwestern Bell argues that this language means union representatives receive straight time pay for time in grievance meetings, but that the hours do not count toward the total hours worked in calculating overtime.  Plaintiffs argue that "no loss in pay" means no loss of either straight time or overtime pay.  Standing alone, the provision could reasonably be interpreted either way.

But contract provisions do not stand in isolation.  "Each term of a contract is construed to avoid rendering other terms meaningless." *Shaw Hofstra & Assocs. v. Ladco Dev., Inc.,* 673 F.3d 819, 826 (8th Cir. 2012) (quoting *Dunn Indus. Gp., Inc. v. City of Sugar Creek*, 112 S.W.3d 421, 428 (Mo. 2003)).  I must, therefore, "consider the whole instrument and give the words their ordinary and natural meaning." *Sligo, Inc. v. Nevois*, 84 Fl.3d 1014, 1019 (8th Cir. 1996) *Id.*  (quoting *Angoff v. Mersman*, 917 S.W.2d 207, 210 (Mo. Ct. App. 1996)).

The parties have thus directed me to other sections of the CBA, which use different language to describe the treatment of time worked in other activities.  For

instance, time spent in disciplinary meetings "shall be considered work time," ATT/Kayser 00108, Docket No. 44-25 at 108, and excused time for union business provides that union representatives shall be "excused without pay."  ATT/Kayser 00221, Docket No. 44-26 at 90.

The parties agree that "excused without pay," means that an employee will not be punished for spending time on certain activities (e.g., union business), but will not be paid by the company for this time.  "Shall be considered working time" is on the other end of the spectrum, and means that the time is considered the same as all other time when the employee is working – in other words, the company pays for the time and the time is counted in determining when the right to overtime kicks in.  These provisions support Southwestern Bell's argument that "shall suffer no loss in pay" means that an employee will be compensated for her time, but the time will not count towards the employee's total hours worked.  The language of the CBA, therefore, favors Southwestern Bell's argument that the time for grievance meetings would not count toward overtime, and weighs against the presumption.

But the regulation and the cases also indicate that a custom or practice under the CBA can be considered when interpreting a CBA.  "Long-standing working relationships, customs, and practices, although not reduced to writing, are to be considered as implied terms in the agreement when they have ripened into an

- 9 -

established and recognized custom between the parties." *Alton & So. Lodge No. 306 Broth. Ry. Carmen of the U.S. and Can. v. Alton & So. Ry. Co.*, 849 F.2d 1111 (8th Cir. 1988) (citing *Bhd. of Maint. of Way Emps., Lodge 16 v. Burlington N. R.R. Co.*, 802 F.2d 1016, 1022 (8th Cir. 1986)).

Numerous disputes remain regarding the custom and practice under the CBA. The employees enter their own time on a daily basis, and assign a code to the time. But the evidence before me shows that there is no consistency in how even these plaintiffs have coded the time they spend on union activities. Additionally, Southwestern Bell has not always treated the time the same way, and in fact, for some years it did not credit toward overtime hours spent on some activities that it now agrees should be counted. Plaintiffs have pointed to enough evidence to preclude the grant of summary judgment. Because genuine issues of material fact remain regarding whether practice and customs of the parties may have modified the CBA with regard to grievances, I will deny defendant's motion for summary judgment on this issue.

## *PMEI Steering Committee Meetings*

Although defendant concedes that time spent in PMEI Working Committee meetings is fully compensable and countable toward overtime, it argues that time spent in Steering Committee meetings is not. Its arguments for why Steering Committee meetings do not count toward overtime are the same as its arguments

- 10 -

on grievances.  But unlike the grievance situation, there are no regulations creating a presumption that this time is covered, and there is no evidence showing any longstanding custom or practice to count the time towards overtime.

An activity is considered work if it is "controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer." *Tenn. Coal*, 321 U.S. at 598.  Evidence has been presented that the PMEI meetings exist "to benefit the company," Hayes Depo. 68:21-24, Docket No. 44-6 at 17, and to allow the union to help Southwestern Bell in the marketplace.  Wilson Depo. 33:2-8, Docket No. 44-8 at 10.  This would be sufficient to raise a genuine issue of material fact as to whether the PMEI steering committee meetings are primarily for the benefit of Southwestern Bell, if that were the only factor.  However, to be considered work time, the activity must meet both this requirement *and* the requirement that the activity is controlled or required by the employer.  *Tenn. Coal*, 321 U.S. at 598.  If either element is missing, the activity is not considered compensable work time.

Factors courts have considered in determining whether an employer controls or requires an activity include whether the employer selected the individuals who participated, dictated the extent of participation, or disciplined individuals for not participating.  *See Local 1605 Amalgamated Transit Union, AFL-CIO v. Cent.*

- 11 -

*Contra Costa Cnty. Transit Auth.*, 73 F. Supp. 2d 1117, 1122 (N.D. Cal. 1999);

*Leone v. Mobil Oil Corp.*, 523 F.2d 1153, 1163 (C.A.D.C. 1975).

Here, none of those factors are present.  The Union decided who would

serve on the committees, and participation was voluntary.  Local 6300 Depo. 88:1-

9, 150:2-7, Docket No. 44-7 at 23, 39.  There is no evidence that employees were

disciplined for non-participation, nor were they led to believe there would be any

employment consequences related to their non-participation.  Hayes Depo. 72:1-9,

Docket No. 44-6 at 18.  Plaintiffs have not identified any evidence to the contrary,

and their only argument is that Southwestern Bell controlled the process because

any proposals from the PMEI steering committee would only be implemented if

approved by Southwestern Bell.  Whether Southwestern Bell controlled the

ultimate outcome of the meetings is irrelevant, and the wrong inquiry.  What

matters is whether Southwestern Bell controlled the process itself, and since they

did not, time spent on PMEI steering committees was not work time under the

FLSA.

This is further bolstered by the CBA itself, which states, "In terms of pay

treatment associated with the Strategic Alliance, the employee members involved

in these joint efforts shall suffer no loss in pay for time consumed in, and

necessarily consumed in traveling to and from, meetings."  ATT/Kayser 00385,

Docket No. 44-33 at 122.  As discussed above, this language can reasonably be

interpreted to mean that employees shall receive straight pay for such time, but it shall not be counted toward total hours worked in calculating overtime.  For all of the foregoing reasons, I will grant defendant's summary judgment as to PMEI steering committee meetings.

*Charitable Work*

Plaintiffs' complaint includes what they refer to as "Miscellaneous Labor-Management Meetings."  The allegations are too vague to know what fits into this category, but to the extent it includes meetings called by management, defendant concedes such meetings are covered FLSA work.  Although there is no mention of charitable work in the complaint, the parties have fully briefed whether charitable activities are covered.  I will therefore consider this as part of the claim related to "Miscellaneous" meetings.

Plaintiffs have spent time in their roles as union representatives working on charitable activities, including work for the United Way and March of Dimes.  29 C.F.R. § 785.44 provides:

> Time spent in work for public or charitable purposes at the employer's request, or under his direction or control, or while the employee is required to be on the premises, is working time. However, time spent voluntarily in such activities outside of the employee's normal working hours is not hours worked.

The regulation makes clear that time spent for charitable purposes is working time if any one of the three conditions is met:  (1) when requested by the employer, (2)

when subject to the employer's direction or control, or (3) when the employee would normally be required to be on the premises.  Here, plaintiffs have presented evidence that at least some of the charitable work took place during the employees' normal working hours and on Southwestern Bell's premises.  Wilson Depo. at 66:8-22, Docket No. 44-8 at 18.  At a minimum, then, there is a genuine issue of material fact regarding the question of whether this charitable work constitutes work time, and I will deny summary judgment on this issue.

### 2.    **Motion for Conditional Certification**

Plaintiffs seek conditional certification of a class of "all current and former Premises Technicians employed by Southwestern Bell Telephone Company a/k/a AT&T Southwest who have served as union stewards or representatives at any time since three years prior to the filing of this action, i.e., August 12, 2007."

The FLSA provides that any employer who violates the overtime requirements of 29 U.S.C. § 207 "shall be liable to the employee or employees affected in the amount of their . . .  unpaid overtime compensation . . . and in an additional equal amount as liquidated damages."  29 U.S.C. § 216(b).   An action to recover the overtime and liquidated damages may be maintained "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."  *Id.*

The FLSA does not define the term "similarly situated."[2]  Although the Eighth Circuit Court of Appeals has not decided the standard to determine whether potential opt-in plaintiffs are "similarly situated" under § 216(b),  the district courts in this circuit use a two-step analysis.  *See e.g., Littlefield v. Dealer Warranty Servs., LLC*, 679 F. Supp. 2d 1014, 1016 (E.D. Mo. 2010).

Under the two-step process, plaintiffs first seek conditional certification, and if granted, the defendant may later move for decertification after the opt-in period has closed and all discovery is complete.  *See id.; Davis v. Novastar Mortg., Inc.*, 408 F. Supp. 2d 811, 815 (W.D. Mo. 2005).  The motion for conditional certification is usually filed before any significant discovery has taken place.  Plaintiffs' burden at this first stage is typically not onerous.  *Davis*, 408 F. Supp. 2d at 815.  Conditional certification at the notice stage requires "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan."  *Id*.  "Plaintiffs need not show that members of the conditionally certified class are actually similarly situated."  *Fast*

---

[2] A 216(b) collective action differs from class actions brought under Rule 23 of the Federal Rules of Civil Procedure.  *Davis v. Novastar Mortg., Inc.*, 408 F. Supp. 2d 811, 814-15 (W.D. Mo. 2005).  A primary distinction is that under FLSA, a similarly situated employee must "opt-in" to the collective action to be bound by it, whereas under Rule 23, a similarly situated employee must "opt-out" to avoid being bound by the judgment.  *Id. See also Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996) (noting that the "similarly situated" standard is considerably less stringent than Rule 23(b)(3) class action standards).

*v. Applebee's Int'l, Inc.*, No. 06-4146-CV-C-NKL, 2007 WL 1796205, at *3 (W.D. Mo. June 19, 2007).

Southwestern Bell argues that in this case a heightened standard should apply because substantial discovery has already taken place.  Several  courts have noted that an "intermediate" standard of review is appropriate in such cases, although it is not exactly clear what the standard looks like, leading one court to note that "the intermediate standard is applied differently by every court." *McClean v. Health Sys., Inc.*, No. 11-03037-CV-S-DGK, 2011 WL 6153091, at *4 (W.D. Mo. Dec. 12, 2011) (citing *Creely v. HCR ManorCare, Inc.*, No. 3:09CV2879, 2011 WL 2259132, at *7-8 (N.D. Ohio June 9, 2011)).  Some courts use the more stringent second-step decertification factors, others require "modest factual support," while others fail to articulate an alternative at all.  *Id.* (citing *Thiessen v. Gen. Elec. Capital Corp.*, 996 F. Supp. 1071, 1080-81 (D. Kan. 1998); *Olivo v. GMAC Mortg. Corp.*, 374 F. Supp. 2d 545, 548 n.1 (E.D. Mich 2004); *Davis v. Charoen Pokphand (USA), Inc.*, 303 F. Supp. 2d 1272, 1276 (M.D. Ala. 2002)).  Plaintiffs argue that the more lenient standard used in cases where no discovery has taken place should apply here.

I cannot ignore the substantial evidence that was presented to me on the summary judgment motion.  The status of this case is similar to that of *McClean* and *Creely*, and thus I believe the intermediate approach adopted in those cases is

- 16 -

appropriate.  "The Court cannot close its eyes to the amount of discovery already performed in this action.  At the same time, the Court is cognizant that Plaintiffs only seek conditional certification at this point and that discovery is not complete."  *McClean*, 2011 WL 6153091, at *4 (quoting *Bunyan v. Spectrum Brands, Inc.*, No. 07CV089 MJR, 2008 WL 2959932 (S.D. Ill. July 31, 2008)).  The standard used in the *McClean* and *Creely* decisions, which I now adopt, states:

> [I]n order to provide some measurable standard by which to judge if Plaintiffs have made a sufficient modest "plus" factual showing . . . this Court will compare Plaintiffs' allegations set forth in their Complaint with the factual record assembled through discovery to determine whether Plaintiffs have made sufficient showing beyond their original allegations that would tend to make it more likely that a class of similarly situated employees exists.

*McClean*, 2011 WL 6153091, at *5 (citing *Creely*, 2011 WL 2259132, at *7).

To be considered "similarly situated," plaintiffs must show that they "were together the victims of a single decision, policy or plan."  *Davis*, 408 F. Supp. 2d at 815; *McClean*, 2011 WL 6153091, at *5.  Plaintiffs seek conditional certification of a class of all current and former Premises Technicians employed by Southwestern Bell who have served as Union stewards or representatives at any time since August 12, 2007.  Plaintiffs' motion asserts that members of this requested class are similarly situated to the plaintiffs with respect to Southwestern Bell's failure credit for overtime purposes the time spent by members of the

requested class in company-paid Union representational activities, as discussed above.

Even applying the more stringent standard, I find that plaintiffs have shown a common policy or plan sufficient to sustain their burden for conditional certification. Southwestern Bell does not deny the existence of the policies at issue. Rather, it argues that the policies were not uniformly implemented. However, differently-*applied* policies do not necessarily undermine plaintiffs' similarities. *See Marshall v. R.J. Reynolds Tobacco Co.*, No. 07-0227CV-W-RED, 2007 WL 7209940, at *1 (W.D. Mo. Dec. 7, 2007); *Simmons v. Valspar Corp.*, No. 10-3026 RHK/SER, 2011 WL 1363988, at *4 (D. Minn. Apr. 11, 2011). And here it is undisputed that the Southwestern Bell intends to apply the same policies to the proposed class.

Under the intermediate standard, I must compare the allegations made in plaintiffs' complaint with the evidence submitted after the limited discovery. *McClean*, 2011 WL 6153091, at *6. Plaintiff's complaint states, in part:

> [Premises technicians] have worked and been compensated at their regular rate of pay in the performance of authorized duties as a Union representative during investigatory, disciplinary, grievance, PMEI and/or other miscellaneous labor-management meetings, yet Defendant has willfully failed and refused and willfully fails and refuses to count their compensable work time performing such duties toward the accumulation of 40 hours worked in a workweek so as to trigger the entitlement to overtime pay under the Fair Labor Standards Act at the rate of not less than one and one-half times the regular hourly rate of pay.

Docket No. 1, ¶ 68.  In the various depositions and declarations submitted thus far in this case, plaintiffs have presented further evidence corroborating these allegations.  Even where some individuals stated that they had (apparently incorrectly) coded their union time in a manner to make it fully counted for overtime, they later clarified in declarations that although this was their practice in the past, Southwestern Bell no longer allows them to code their time in that manner.  Docket Nos. 52-3, 52-11.  Based on the entire record before me, plaintiffs have provided sufficient evidence at this stage of the litigation that the putative class is similarly situated for the purposes of the FLSA.

   3.   **Next Steps**

   The Notice proposed by plaintiffs must be revised to reflect the rulings on the summary judgment motion.  I will direct the plaintiffs to propose a revised form of notice and provide it to defendants.  If defendants believe it does not accurately reflect the rulings in this order, they may file objections.

   Southwestern Bell has filed a motion for a scheduling conference regarding the deadlines for the remainder of this case.  I will grant the motion and will vacate the CMO deadlines.  In advance of the conference, the parties shall meet and confer to determine the proper dates for the opt-in period, phase 3 of the previous case management order, and dates relating to trial.

   Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for summary judgment is granted in part and denied in part.  The motion is granted with regard to PMEI steering committee meetings, as these do not constitute compensable work time under the FLSA.  The motion is granted as to disciplinary meetings, PMEI work consultative meetings, and other management-initiated meetings because there is no actual controversy between the parties regarding these issues.  The motion is granted with regard to plaintiffs' claim for injunctive relief because this is not an available remedy.  The motion is denied with regard to grievance meetings and plaintiffs' charitable work, as there are genuine issues of material fact remaining on these issues.

**IT IS FURTHER ORDERED** that plaintiffs' motion for conditional certification [#52] is granted.

**IT IS FURTHER ORDERED** that plaintiffs must propose a revised notice no later than **January 7, 2013**.  Defendant shall file any objection no later than **January 14, 2013**.

**IT IS FURTHER ORDERED** that defendant's motion for a hearing [#64] is granted, and the Case Management Order deadlines are vacated.  The parties must provide a joint proposal for completion of the remaining steps of the case no later than **January 14, 2013**.  The court will hold a telephone scheduling conference with counsel on **<u>January 15, 2013 at 10:00 a.m.</u>**  Plaintiffs' counsel

shall be responsible for placing the call and have all parties on the line before

contacting my chambers at 314-244-7520.


_____

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 17th day of December, 2012.