IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| JOSH KAYSER, et al.,<br>　　　Plaintiffs<br><br>vs.<br><br>SOUTHWEST BELL TELEPHONE<br>COMPANY,<br>　　　Defendant | §<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 4:10-CV-1495-CDP |

**PLAINTIFFS' SUBMISSION OF**
**REVISED COLLECTIVE ACTION NOTICE AND CONSENT FORM**

TO THE HONORABLE JUDGE OF SAID COURT:

　　1.　Pursuant to the Court's orders of December 17, 2012, Plaintiffs hereby submit a revised proposed notice to potential opt-in plaintiffs. The proposed notice appears as Exhibit A hereto. A revised proposed consent form appears as Exhibit B hereto.

　　2.　Plaintiffs believe a comment is in order regarding the final paragraph of section 2, "Description of the Lawsuit", of the proposed notice. (Ex. A, p.2). In that paragraph the proposed notice informs potential plaintiffs of the possibility of backpay and liquidated damages for unpaid overtime, in the event the Court rules they are entitled to same, for serving as Union representatives in disciplinary meetings, investigatory meetings where management requested the presence of a Union representative, miscellaneous meetings where management requested the presence of a Union representative, and other management-initiated meetings during the period of time before the Defendant corrected the system error in April 2010. As the Court clarified in footnote 1 on page 7 of the Court's December 17, 2012 Memorandum and Order (Doc.# 65), Defendant moved for summary judgment on declaratory judgment claims, not on any damage claims. Plaintiffs thus understand the Court's order as not

1

granting Defendant summary judgment on any damage claims for affected plaintiffs not receiving FLSA credit before the April 2010 system correction, during which time there is no controversy that disciplinary meetings, PMEI Work Committee Meetings, and Management-Initiated meetings should have been treated as compensable work time. Indeed, it would be inequitable to foreclose damage claims for existing Plaintiffs and potential opt-in plaintiffs for pre-correction activities that Defendant says should have been treated as compensable but were not due to the error in Defendant's payroll system. Plaintiffs understand the Court's order not to have intended such a result, thus the final paragraph of section 2 of the proposed notice addresses such claims.

3. The proposed notice eliminates PMEI Administrative Meetings, with respect to which Plaintiffs understand the Court to have granted summary judgment to Defendant in all aspects. The Defendant's system error and April 2010 correction thereof did not apply to PMEI Administrative Meetings, which Defendant asserts it has never treated as compensable FLSA time and argues is not compensable FLSA time.

4. By properly conforming the proposed notice to the Court's summary judgment orders, Plaintiffs do not intend to waive any ultimate appeal rights relating to the issues upon which the Court granted partial summary judgment to Defendant.

5. The revised proposed consent form, Exhibit B, provides more complete and proper disclosure of the identities of the named representative Plaintiffs, as well as more complete and proper consents to be considered by the potential opt-in plaintiffs, e.g., consent to have the Communications Workers of America compensate the class's lawyers. The revised proposed consent form thus provides more complete and proper disclosure and transparency.

6.  For all the foregoing reasons, Plaintiffs pray the Court to approve the notice form and consent form submitted as Exhibits A and B herewith.

> Respectfully submitted,
>
> /s/ David Van Os
> David Van Os
> Admitted pro hac vice
> Texas State Bar No. 20450700
> Matt Holder
> Admitted pro hac vice
> Texas State Bar No. 24026937
> DAVID VAN OS & ASSOCIATES, P.C.
> 1016 La Posada, Suite 145
> Austin, TX 78752
> Tel. (512) 452-8683
> Fax (512) 452-8684
>
> Loretta K. Haggard
> SCHUCHAT, COOK & WERNER
> 1221 Locust Street, Second Floor
> St. Louis, MO 63103
> Telephone 314-621-2626
> Facsimile 314-621-2386
> Email: lkh@schuchatcw.com

## CERTIFICATE OF SERVICE

This is to certify service of the above and foregoing **Plaintiffs' Submission of Revised Collective Action Notice and Consent Form** on counsel for Defendants as indicated below on **January 7, 2013** through the Court's electronic filing system.

Stephen D. Smith
Kimberly Yates
Patricia J. Martin
LITTLER MENDELSON, P.C.
One Metropolitan Square
211 North Broadway, Suite 1500
St. Louis, MO 63102

Lee Schreter
LITTLER MENDELSON, P.C.
3344 Peachtree Road NE
Suite 1500
Atlanta, GA 30326

3

Stephen J. Sferra
LITTLER MENDELSON, P.C.
1100 Superior Avenue, 20th Floor
Cleveland, OH 44114

Christian A. Bourgeacq
4544 South Lamar Road
Room MS4401-LR
Austin, TX 78745-1500

                            /s/ David Van Os_____
                            David Van Os